# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | DOCKET NO.   3:23-CR-267-KDB |
| v. | ) | |
| | ) | |
| | ) | |
| DEUNTRIA LAMAR LYONS, | ) | |
| Defendant | ) | |
| _____ | ) | |

## GOVERNMENT'S NOTICE OF INTENT AND MOTION IN LIMINE TO ADMIT EVIDENCE PURSUANT TO FED. R. EVID. 404(b)

In 2011, Deuntria Lamar Lyons used a cellphone while in prison to help plan and execute multiple jewelry store robberies. In 2023, Lyons again used a cellphone while in prison to help plan and execute multiple jewelry store robberies. The United States of America files notice in advance of trial and moves for an allowance to admit evidence regarding Lyons' involvement in the 2011 robbery conspiracy pursuant to Fed. R. Evid. 404(b).

## BACKGROUND

During the trial of this case, the United States will offer evidence that, in 2023, Lyons joined together with co-defendants Alizaah Wade, Brandane Smith, and others, to plan and commit jewelry store robberies in North Carolina, South Carolina, Tennessee, and Georgia. And that Lyons participated in this conspiracy while an inmate at the Valdosta State Prison in Georgia. Lyons used a cellphone while in prison to help identify potential stores to rob, organize the robbery crews, arrange

logistical support, and coordinate the sale of stolen merchandise. Lyons communicated with his co-conspirators before, on the day of, and immediately after the numerous robberies involved in this conspiracy. He did so through calls, texts, and using Instagram. On November 27, 2023, Judge Robert J. Conrad authorized the interception of Lyons' relevant text messages and phone calls. Law enforcement collected calls where Lyons actively planned a December 1, 2023, robbery of the Artisans Jewelers in Atlanta, Georgia. Law enforcement stopped the robbery before it occurred. One of the robbers was on the phone with Lyons as the Atlanta FBI arrested the robber outside of the jewelry store.

Lyons was subsequently charged in a two-count Superseding Indictment. Dkt. No. 38. Count One of the Indictment charged Lyons with conspiracy to interfere with commerce by robbery from as early as May 2023 through and including December 2023, in violation of 18 U.S.C. § 1951. *Id.* Count Two of the Indictment charges Lyons with interference with commerce by robbery on July 11, 2023, in violation of 18 U.S.C. §§ 1951 and 2. *Id.*

**EVIDENCE ADMISSIBLE UNDER FED. R. EVID. 404(B)**

The government intends to call Detective D. M. Brucz of the Gwinnett County Police Department to testify regarding his first-hand knowledge of Lyons' participation in a 2011 conspiracy to commit two armed robberies of jewelry stores. Lyons was serving a sentence in the Smith State Prison in Georgia when these robberies occurred. On February 9, 2011, two armed men robbed a Barron's Jewelry Store in Snellville, Georgia, stealing $20,000 worth of rings. On March 22, 2011, four men,

two with guns and two with mallets, robbed the Tara's Fine Jewelry Store in Buford, Georgia. The robbers smashed glass cabinets and stole watches and rings worth more than $800,000.

Detective Brucz developed Lyons as a suspect in his investigation. On June 18, 2011, Detective Brucz met with Lyons at the Smith State Prison to discuss the robberies. During that conversation, Lyons told the detective that he used to be employed as a jeweler and, as a result, was familiar with the jewelry business. Lyons provided the names of the individuals who participated in the 2011 robberies. With respect to the Tara's robbery, Lyons described calls from individuals involved in this robbery before, on the day of, and after the robbery. Lyons described his role as the individual coordinating the sale of any stolen merchandise. Lyons named the woman he used to sell the stolen property. Lyons admitted to having a cell phone in the prison which he used to take calls regarding the robberies and coordinate the sale of the stolen property. Lyons told the detective that the robbery crew provided him with money from the robberies that he could use while serving his sentence at the prison.

## ARGUMENT

The noticed material should be admitted under Fed. R. Evid. 404(b) as the evidence constitutes critical non-propensity evidence. Fed. R. Evid. 404(b)(1) prohibits the use of evidence of another act to prove a person's character to show that he acted in conformity with such character trait on a particular occasion, but subsection 404(b)(2) provides that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge,

identity, absence of mistake, or lack of accident." The noticed evidence is admissible under Fed. R. Evid. 404(b) for these purposes and pursuant to the Fourth Circuit's multi-part test for admissibility.

Evidence of other acts is admissible under Fed. R. Evid. 404(b) if (1) the evidence is relevant to an issue and not offered to establish the general character of the defendant, (2) the prior act is necessary in that it is probative of an essential claim or an element of the offense, (3) the evidence is reliable, and (4) the probative value of the evidence is not substantially outweighed by confusion or unfair prejudice. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997), *see also United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010).

Importantly, Fed. R. Evid. 404(b) "is viewed as an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Siegel*, 536 F.3d 306, 317 (4th Cir. 2008).

**A.** **Lyons' participation in a 2011 robbery conspiracy is relevant and probative of his identity, intent, knowledge, preparation, plan, motive, opportunity, knowledge, absence of mistake, and lack of accident.**

The first step in admitting evidence under Fed. R. Evid. 404(b) is to consider whether the evidence is relevant to an issue such as an element of the offense. *Queen*, 132 F.3d at 997. Evidence is relevant if it has any tendency to make a fact of consequence to an issue in the case more or less probable than without the evidence. *Id.* at 994. The more similar the prior act is to the act currently charged, the more relevant the evidence will be. *Id.* at 997.

a. Identity

In this case, there are no robbery victims who will identify Lyons as a participant in the 2023 jewelry store robberies. Lyons' unique role of planning the robberies from a prison cell make the admission of the 404(b) evidence in this case highly relevant to identifying Lyons as a participant in the charged conduct.

b. Intent and knowledge

"[A] not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." *United States v. Sterling*, 860 F.3d 233, 247 (4th Cir. 2017) (quoting *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997)). In this case, Lyons' admissions to Detective Brucz provides evidence of his requisite intent and knowledge to commit the offenses with which he is charged. Put simply, evidence of Lyons' participation in the 2011 conspiracy is relevant to his knowledge of the conspiratorial goals of the charged 2023 conspiracy.

c. Preparation and plan

In addition to intent, the use of "other acts" as evidence of a defendant's *modus operandi* is routinely accepted by courts. Such evidence is commonly used to show a defendant's distinctive operation in tying him to a crime. *See United States v. Torrez*, 869 F.3d 291, 301 (4th Cir. 2017), citing *United States v. Smith*, 103 F.3d 600, 603 (7th Cir. 1996) (explaining that a common form of evidence offered to prove who committed a crime is "*modus operandi*" evidence, which is "evidence that shows a defendant's distinctive method of operation").

Here, Lyons' role in the conspiracy to rob jewelry stores in 2011 was strikingly

similar to his role in the conspiracy to rob jewelry stores in 2023. Lyons was incarcerated during both conspiracies. He used a cellphone while in prison to help plan and execute the robberies. He communicated frequently with his co-conspirators before, on the day of, and immediately after the robberies. Lyons used his contacts to sell the stolen property. The 404(b) evidence also establishes Lyons' familiarity with the jewelry store business.

d. Motive

The evidence of the 2011 is relevant to prove Lyons' motive in committing the 2023 crimes. In 2011, Lyons told Detective Brucz that his co-conspirators provided him with proceeds from the sales of stolen property which he was then able to use while in prison. This relevant evidence helps support the government's theory that Lyons participated in the charged conduct for pecuniary gain that would benefit him while he served his sentence in prison.

**B. The evidence of Lyons' participation in a 2011 robbery conspiracy is reliable.**

If the evidence is "sufficient to allow the jury to 'reasonably conclude that the act[s] occurred and that the defendant was the actor, then it is reliable.'" *United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998) (citations omitted). Evidence is reliable for purposes of Fed. R. Evid. 404(b) unless it is so outrageous that it could not be believed by a rational juror that was properly instructed. *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008).

The government expects that Detective Brucz will identify Lyons and testify to Lyons' admissions of guilt regarding the 2011 robbery conspiracy, thereby providing

ample and reliable proof for admission of the prior act evidence.

## C. The probative value of the evidence is not substantially outweighed by its prejudicial nature.

The probative value of the evidence of the other acts must not be substantially outweighed by confusion or unfair prejudice in that it tends to make reason secondary to emotion in the fact-finding process. *Queen*, 132 F.3d at 997. "The mere fact that the evidence will damage the defendant's case is not enough-the evidence must be unfairly prejudicial, and the 'unfair prejudice must substantially outweigh the probative value of the evidence.'" *United States v. Hammoud*, 381 F.3d 316, 341 (4th Cir. 2004) (*en banc*), *vacated on other grounds*, 543 U.S.1097 (2005). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Naranjo,* 710 F.2d 1465, 1469 (10th Cir. 1983).

Here, Lyons cannot show that evidence of his participation in the prior robbery conspiracy is unfairly prejudicial or that any such prejudice would substantially outweigh the clear probative value of the evidence. The circumstances of his prior acts and his role in the currently charged crimes are nearly identical. There is little risk that the jury will be unfairly prejudiced by evidence of crimes of a similar nature. *See United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995) (indicating that "the balancing test undeniably weighs in favor of admitting the [404(b)] evidence, because the evidence … did not involve conduct any more sensational or disturbing than the crimes with which he was charged."). In addition, this Court can address any inherent prejudice from its admission by issuing a limiting instruction.

## CONCLUSION

Accordingly, the United States files notice in advance of trial of the general nature of evidence the United States will offer of other crimes, wrongs, or acts pursuant to Rule 404(b) of the Federal Rules of Evidence. The government respectfully submits this Court should, in the sound exercise of its discretion, admit this evidence, for which there is a presumption of admissibility.

Respectfully submitted this 6th day of November 2025.

RUSS FERGUSON
UNITED STATES ATTORNEY

**/s/ Erik Lindahl**
Assistant United States Attorney
NC Bar Number: 35411
Attorney for the United States
United States Attorney's Office 227
West Trade Street, Suite 1700
Charlotte, North Carolina 28202
Telephone: 704.338.3170
E-mail: Erik.Lindahl@usdoj.gov

**CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 6th day of November 2025.

s/Erik Lindahl_____
Erik Lindahl
Assistant United States Attorney