# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:23-CR-00267-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEUNTRIA LAMAR LYONS,<br><br>　　　　Defendant | **DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT 404(b) EVIDENCE** |

　　NOW COMES Defendant Deuntria Lamar Lyons, by and through his appointed counsel of record, and respectfully responds in opposition to the Government's Notice of Intent and Motion *in Limine* to Admit Evidence (ECF No. 136) pursuant to Fed. R. Evid. 404(b). The government seeks to introduce evidence of an unrelated robbery conspiracy from 2011 to prove Mr. Lyons's guilt in a robbery that occurred approximately twelve years later. The defendant requests that this Court deny the government's motion.

　　Although the deadline for this motion has passed, Defendant respectfully requests leave of Court to file its response. While the government filed its notice of intent and motion in limine on November 6, 2025, full discovery regarding the 2011 robbery conspiracy was not provided by the government until Tuesday, February 10, 2026.

## BACKGROUND

On November 6, 2025, the government provided notice to Mr. Lyons of its intent of offer evidence of Mr. Lyons's "prior involvement in a 2011 conspiracy to commit two-armed robberies of jewelry stores." Upon information and belief, the government will offer evidence that, over a decade ago on July 18, 2011, Mr. Lyons met with Detective Brucz at the Smith State Prison to discuss robberies that occurred in Georgia. Originally, Mr. Lyons invoked his right to counsel but later stated his intention to speak to Detective Brucz. During this interview, Mr. Lyons admitted he had a cell phone because "everyone had a phone in prison." He further stated his familiarity with the robberies because some of his friends were conducting robberies and needed his help connecting them to individuals who could sell the stolen property after the fact. In return, Mr. Lyons would receive some money on his books in prison.

In the 2011 statement that the government intends to use, Mr. Lyons is alleged to have provided help offloading jewelry that was stolen, rather than organizing robberies, scouting locations, etc. Even if taken as true, Mr. Lyons essentially acted as an accessory after the fact in 2011. However, in 2023, Mr. Lyons is alleged to be the ringleader of a string of robberies. Introducing the 2011 testimony will make the jury believe that "but for" Mr. Lyons in 2011, the crime would not have happened. And if he did it in 2011, he did it today. Rule 404(b) seeks to limit exactly that type of propensity evidence, and thus it should not be admissible here.

## ARGUMENT

A. **The 2011 conduct is not relevant or to any proper non-propensity purpose.**

2

The government's noticed evidence should not be admitted under Federal Rule of Evidence 404(b) as the evidence constitutes impermissible propensity evidence of prior bad acts. Fed. R. Evid. 404(b)(1) prohibits the admission of other crimes, wrongs, or acts to prove a defendant's character or to show action in conformity therewith. Although Rule 404(b)(2) permits such evidence for limited, non-propensity purposes, the Fourth Circuit has repeatedly emphasized that admissibility is conditioned on satisfaction of a four part test; the evidence must be (1) relevant to an issue other than character, (2) necessary, (3) reliable, and (4) such that its probative value is not substantially outweighed by confusion or unfair prejudice. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). Evidence that fails *Queen's* four-part test and requires the jury to conclude that a defendant committed the charged offense because he committed a similar offense in the past is inadmissible.

Under *Queen*, the threshold inquiry is whether the evidence is relevant to an issue other than character. *Queen*, 132 F.3d at 997. While evidence is generally relevant if it has any tendency to make a fact of consequence to an issue in the case more or less probable, Rule 404(b)(1) imposes an absolute prohibition on evidence of a crime, wrong, or other act to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). As the Fourth Circuit has explained, the exclusion of prior bad acts evidence is not grounded in irrelevance but in the substantial danger that such evidence will lead the jury to "prejudge one with a bad general record and deny him a fair opportunity to defend against a particular

3

charge." *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012) (quoting *Michelson v. United States,* 335 U.S. 469, 475–76 (1948).

The government contends that the absence of eyewitness identification renders evidence of prior conduct admissible to establish identity; however, the government is attempting to rely on Mr. Lyons's assertion that he previously coordinated the sale of any stolen merchandise while incarcerated, and therefore is now responsible for helping identify potential stores to rob, organizing the robbery crews, arranging logistical support, and coordinating the sale of stolen merchandise. The absence of eyewitness testimony does not permit the admission of prior acts to fill a gap in proof through propensity reasoning.

The proposed evidence is likewise not relevant to plan or preparation. The prior conduct does not illuminate any specific planning steps or preparatory actions connected to the charged offense; at most, it reflects Mr. Lyons's history of working in a jewelry store, assisting in selling stolen goods, and using a cell phone in prison. Nor is the evidence relevant to motive, as financial gain is inherent in almost every robbery offense. Finally, the evidence is not relevant to intent or knowledge because it does not bear on Mr. Lyons's mental state at the time of the charged conduct but instead relies on past conduct to suggest present culpability.

A juror is likely to hear that Mr. Lyons played some role in a prior robbery and therefore is likely to have played a role in this one. Basically, once a robber, always a robber, and this type of inference is impermissible. In each respect, the government's theory depends on the *inference* that prior participation in similar crimes makes it

4

more likely that Mr. Lyons acted with the requisite mental state here; an inference Rule 404(b) seeks to limit.

**B.     The evidence is not necessary.**

Even if the Court were to find sufficient relevance, the evidence must also be necessary. Evidence is necessary "where it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." *United States v. Mark,* 943 F.2d 444, 448 (4th Cir.1991) (internal quotation marks and citation omitted). Courts assess necessity in "light of other evidence available to the government." *Queen,* 132 F.3d at 998 (internal quotation marks omitted). As the Fourth Circuit has recognized, "as the quantum of other non-Rule 404(b) evidence available to prove an issue unrelated to character increases, the need for the Rule 404(b) evidence decreases." *United States v. Lighty,* 616 F.3d 321, 354 (4th Cir. 2010). Thus, "if the Rule 404(b) evidence is *entirely cumulative* to other non-Rule 404(b) evidence available to the government, the Rule 404(b) evidence may not meet the necessity prong." *Id.* (emphasis added).

Here, the government's own evidence, if credited, would establish intent and knowledge without reference to a decade old conspiracy. While a not-guilty plea places intent at issue in a formal sense, the government alleges extensive contemporaneous communication tied directly to the charged conduct, including phone calls, text messages, WhatsApp messages, phone records, communications through Instagram and Facebook messenger, interviews, Title III interception, etc. Intent and knowledge, if proven, may be inferred from the charged acts themselves.

5

Where such evidence exists, prior-act evidence is cumulative and unnecessary. Thus, the 2011 conduct adds little probative value and instead risks shifting the jury's focus from whether the government has met its burden on the charged offenses to whether Lyons has a criminal past.

**C.     The evidence is not reliable.**

For evidence to be admissible under Rule 404(b), it must be reliable. *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008). While evidence is generally considered reliable unless it is so outrageous that it could not be believed by a rational juror that was properly instructed, the circumstances surrounding Mr. Lyons's 2011 interview raise legitimate concerns regarding reliability. *See id*. During that interview, the investigators themselves expressed skepticism about the accuracy of his statements; at one point, more than an hour into questioning, an investigator remarked, "come on man just tell us the truth for once." Such contemporaneous doubt by the interviewers is relevant to the Court's reliability assessment.

In addition, Mr. Lyons raised the possibility of speaking with an attorney on several occasions during his 2011 interview, yet questioning continued after those references without any renewed advisement of rights. The contextual ambiguity surrounding whether and how the interview proceeded after those statements further undermines confidence in the reliability of the resulting statements. Taken together, these circumstances diminish the probative value of the proffered evidence and weigh against its admission under Rule 404(b).

**D.     The probative value is substantially outweighed by unfair prejudice.**

Even assuming some relevance, reliability, and necessity, the evidence fails Rule 403's balancing test. Evidence admitted under Rule 404(b) must be excluded if the probative value is "substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

*First*, the proposed evidence involves a 2011 and a 2023 conspiracy that are wholly independent. They involve different participants, different jurisdictions, different factual circumstances, and are separated by more than a decade. Although temporal remoteness is not dispositive, the Fourth Circuit recognizes that the passage of time weakens probative value, particularly where the government relies on similarity rather than continuity. *See McBride*, 676 F.3d at 397 (stating that, for purposes of Rule 404(b), one-and-a-half years constitutes a "significant passage of time" between an unrelated prior offense and a charged offense). There is also no allegation of continuity or connection between the two conspiracies.

*Second*, the government argues that the 2011 conspiracy demonstrates motive, namely, financial gain while incarcerated. To the extent the government seeks to admit the prior conduct to establish motive, the financial gain rationale adds little probative value in a Hobbs Act robbery case as financial gain is an inherent motive in virtually every robbery offense. Where the nature of the charged offense itself explains the motive, evidence of prior crimes does not meaningfully advance the jury's understanding and instead invites an impermissible propensity inference: that

7

because Mr. Lyons previously participated in a robbery conspiracy from prison, he was motivated to do so again.

*Third*, the probative value of the prior conduct on the issue of plan and preparation is modest. The similarities identified by the government—incarceration, use of a cellphone, communication with co-conspirators, and assistance in selling stolen property—reflect common and unsurprising aspects of two completely separate roles in two separate conspiracies rather than distinctive preparatory conduct. In reality, the government attempts to use the selling of stolen merchandise from prison in a prior conspiracy as evidence that he directed and coordinated the entirety of the 2023 conspiracy. As a result, the evidence does little to advance the jury's understanding of the charged offenses beyond what can be inferred from the government's direct evidence concerning the alleged 2023 conspiracy. Defining the "plan" as orchestrating jewelry store robberies from prison merely repackages a propensity argument in Rule 404(b) terminology.

*Finally*, the government asserts that the prior conduct establishes Mr. Lyons's "familiarity with the jewelry store business." Whatever limited relevance that assertion may have, it is substantially outweighed by the danger that the jury will treat such "familiarity" as proof of criminal disposition rather than as evidence bearing on a narrow, permissible issue.

Due to Mr. Lyons acting like an accessory after the fact in a prior armed jewelry store robbery with significant monetary losses, there is a substantial risk that the jury will view Lyons as a career criminal who orchestrates robberies from prison,

rather than focusing on whether the government has proven the charged Hobbs Act offenses beyond a reasonable doubt. Given the government's substantial direct evidence, the time between the two conspiracies, the difference in Lyons's role in the two conspiracies, the probative value of the 2011 conduct is minimal compared to the significant prejudicial impact. A limiting instruction cannot adequately cure the risk of harm to Mr. Lyons in this case.

## CONCLUSION

Accordingly, Defendant Lyons respectfully objects to the Government's Notice of Intent and Motion *in Limine* to Admit Evidence pursuant to Fed. R. Evid. 404(b). For the reasons set forth above, Defendant respectfully submits that this Court should, in the sound exercise of its discretion, exclude the proposed evidence in its entirety. In the alternative, if the Court permits any portion of the evidence, Defendant respectfully requests that the Court strictly limits its scope and provides a narrowly tailored limiting instruction.

Respectfully submitted this 16th day of February 2026.

                                         */s/ S. Frederick Winiker, III*
                                         S. Frederick Winiker, III (NC: 22390)
                                         Sarah A. Mink (NC: 61013)
                                         FLANNERY | GEORGALIS, LLC
                                         227 West Trade Street, Suite 950
                                         Charlotte, North Carolina 28202
                                         (704) 333-8440
                                         rwiniker@flannerygeorgalis.com
                                         smink@flannerygeorgalis.com

**CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 16th day of February 2026.

/s/ S. Frederick Winiker, III
S. Fredrick Winiker, III

# CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing was filed electronically. A copy of this filing will be sent to the Government via electronic mail.

    This 16th day of February 2026.

                                                                             */s/ S. Frederick Winiker, III*
                                                                              S. Fredrick Winiker, III

SERVED ON:
Timothy Sielaff
Assistant United States Attorney
United States Attorney's Office
Western District of Noth Carolina
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-287-4943
timothy.sielaff@usdoj.gov

Erik Lindahl
Assistant United States Attorney
United States Attorney's Office
Western District of Noth Carolina
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-338-3170
erik.lindahl@usdoj.gov