# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:23-CR-00267-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | **DEFENDANT'S MOTION *IN LIMINE* AS TO PRIOR ARRESTS, CONVICTIONS, OR 'BAD ACTS'** |
| v. | |
| DEUNTRIA LAMAR LYONS, | |
| **Defendant.** | |

NOW COMES Defendant, Deuntria Lamar Lyons, by and through his appointed counsel of record, and hereby requests pursuant to Federal Rules of Evidence 401, 402, 403, and 404, to preclude the government from introducing evidence of "crimes, wrongs, or other acts" allegedly committed by the Defendant as to prior arrests, current term of incarceration, convictions, or the like. While the deadline for this motion has passed, Defendant respectfully requests leave to file such motion. In addition to being irrelevant, any such evidence would be propensity evidence against the Defendant and thus inadmissible under Rule 404. To the extent that the evidence is relevant and in conformity with Rule 404(b), the evidence is still inadmissible because it is unfairly prejudicial to the Defendant. Rule 403.

In support of this motion, the Defendant submits as follows:

I.    **Evidence concerning Mr. Lyons's criminal history, arrest record, current incarceration or other acts is irrelevant to the charge against him, and it is inadmissible under Federal Rule of Evidence 404.**

Evidence concerning Mr. Lyons's criminal history, current incarceration, or arrest record is not relevant under Federal Rule of Evidence 401. Any criminal acts that Mr. Lyons may have committed in the past do not tend to make whether he committed the conduct as charged in the indictment more or less probable. Fed. R. Evid. 401(a).

To the extent that there is some possible relevance to Mr. Lyons's criminal history, arrest record, or other acts, evidence regarding prior bad acts is inadmissible under Rule 404. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion that the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). While such evidence may be admitted to prove "motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, or lack of accident," none of those purposes apply here. At the very least, the government must explain (1) the purpose for each arrest, conviction, or other bad act it seeks to put into evidence, and (2) how the evidence furthers the cited purpose, before the evidence is admitted.

II.  **Admission of evidence concerning Mr. Lyons's criminal history, arrest record, current incarceration, or other acts would be unfairly prejudicial.**
Where evidence of prior acts is relevant to an issue other than character, it may be admitted, but only if its prejudicial effect does not outweigh its probative value. *See United States v. Queen*, 132 F.3d 991, 994-95 (4th Cir. 1997); *United States v. Hodge*, 354 F.3d 305, 312 (4th Cir. 2004). Thus, even if the Court finds that Mr. Lyons's criminal history, arrest record, current incarceration, or other acts speak to

one of the purposes enumerated in Rule 404(b), it must still balance the evidence's potential prejudicial effect and probative value before determining whether it is admissible. Under these circumstances, the scale tips sharply towards prejudice. Any other probative evidence surely pales in comparison to the prejudice. Mr. Lyons would suffer. Rule 404(b) is designed in part to prevent the jury from punishing the defendant because it believes that he is a "bad person." *Old Chief v. United States*, 519 U.S. 172, 181-82 (1997). The rule recognizes that Mr. Lyons must be tried on the offense charged in the indictment, not offenses he may have committed in the past, or the idea that his current incarceration makes him a "bad person." To ensure that the jury is properly focused, the Court should preclude the admission of evidence related to Mr. Lyons's criminal history, arrest record, current incarceration, or other acts.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant the Defendant's Motion in Limine to Preclude Evidence Concerning his prior arrests, criminal history, current incarceration or other acts.

Respectfully submitted this 16th day of February 2026.

/s/ S. Frederick Winiker, III

S. Frederick Winiker, III (NC: 22390)
Sarah A. Mink (NC: 61013)
FLANNERY | GEORGALIS, LLC
227 West Trade Street, Suite 950
Charlotte, North Carolina 28202
(704) 333-8440
rwiniker@flannerygeorgalis.com
smink@flannerygeorgalis.com

**CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 16th day of February 2026.

/s/ S. Frederick Winiker, III
S. Fredrick Winiker, III

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing was filed electronically. A

copy of this filing will be sent to the Government via electronic mail.

This the 16th day of February 2026.

/s/ S. Frederick Winiker, III
S. Fredrick Winiker, III

SERVED ON:
Timothy Sielaff
Assistant United States Attorney
United States Attorney's Office
Western District of Noth Carolina
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-287-4943
timothy.sielaff@usdoj.gov

Erik Lindahl
Assistant United States Attorney
United States Attorney's Office
Western District of Noth Carolina
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-338-3170
erik.lindahl@usdoj.gov