# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CRIMINAL ACTION NO. 3:23-CR-00267-KDB-DCK

UNITED STATES OF AMERICA,

v.

DEUNTRIA LAMAR LYONS,

Defendant.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant Deuntria Lyons' Motion to Recuse and Second Amended Motion to Recuse (Doc. No. 224), in which Defendant asserts that the presiding judge made numerous erroneous rulings and therefore must recuse himself from the matter.

A federal judge is obligated to recuse himself "if a person with knowledge of the relevant facts might reasonably question his impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing 28 U.S.C. § 455(a)). But a presiding judge need not recuse himself merely because a criminal defendant advances theories based on nothing more than "unsupported, irrational or highly tenuous speculation." *Id.* (quoting *United States v. DeTemple,* 162 F.3d 279, 287 (4th Cir. 1998)).

In addition, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Jones*, 469 F. App'x 175, 185 (4th Cir. 2012) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky,* 510 U.S. at 555). Even making remarks

1

"that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id. (*quoting *Liteky,* 510 U.S. at 555).

Here Defendant's allegations amount to little more than disagreement with the Court's rulings. That is insufficient grounds for recusal. Nor does Defendant plausibly allege any personal animus, favoritism, or other circumstance suggesting that the Court cannot adjudicate the matter fairly. Accordingly, Defendant's Motion is **DENIED.**

**SO ORDERED.**
Signed: August 4, 2026

Kenneth D. Bell
United States District Judge